# Exhibit D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### Case No. 9:24-cv-80713-RLR

SCOTT L. and ELENA SHLEIFER,

     Plaintiffs

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

1. My name is Greg Seidell. I am the General Counsel and Chief Compliance Officer of Tiger Global Management, LLC ("TGM").
2. I have served as an in-house attorney since 2014, and as General Counsel since 2024.
3. I am an attorney at law licensed in the State of New York.
4. I am familiar with TGM's policies and procedures, including our Travel & Entertainment Policy.
5. Except as otherwise specifically noted, I make the statements in this declaration upon personal knowledge.
6. On or about February 14, 2025, TGM received a subpoena in the above-captioned action seeking the testimony of a corporate designee on certain enumerated topics pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Subpoena").  A copy of the Subpoena is attached as Exhibit A.
7. I am generally knowledgeable about the topics identified in the Subpoena, and if required, would be TGM's designated representative as to each of the topics.
8. I have consulted with TGM's Chief Financial Officer in relation to Scott Shleifer's expense and reimbursement records.
9. TGM was formed in 2001 under the laws of the state of Delaware.
10. Attached hereto as Exhibit B is the Tiger Global Management, LLC Travel & Entertainment Policy Handbook dated May 2013 (the "Travel Policy") which was in effect and applicable to TGM's employees in 2014, including Mr. Shleifer.
11. I certify that the Travel Policy is a business record of TGM, kept and maintained in the ordinary course of business.

12. It is TGM's general policy, now and in 2014, to book and/or reimburse business class fares for work-related travel, and employees who fly in other fare classes or modes of transportation (e.g., private air travel) must pay the cost difference personally.

13. It is my understanding that Scott Shleifer, a Member of TGM, acquired a fractional ownership interest in a private aircraft in 2014. To the best of my knowledge, and upon review of TGM records and discussion with TGM's CFO, TGM did not reimburse Mr. Shleifer for any of his expenses incurred in connection with the acquisition of this aircraft, or expenses related to the use of the aircraft for business travel on behalf of TGM.  TGM's policy would have permitted Mr. Shleifer to obtain reimbursement for the travel at the rate of a commercial airline business class ticket, but it would not have covered the cost of such travel on a private aircraft.

14. Upon my review of TGM records, in 2014, Scott Shleifer traveled in connection with his role at TGM, including travel in November 2014 to China to meet with representatives of JD.Com, Soufun, Nice and Miyababy, all of which were businesses in which TGM held investments or were otherwise evaluating for investment purposes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  3/7/2025

Signed by:

*Greg Seidell*

3C6F9C55DDA744C...

Greg Seidell

# Exhibit A

TGM-000003

# UNITED STATES DISTRICT COURT
### for the
## Southern District of Florida

| | |
|---|---|
| SCOTT L. and ELENA SHLEIFER,<br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Defendant.* | Civil Action No. 9:24-cv-80713-RLR |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____ Tiger Global Management, LLC  c/o Greg Seidell _____
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Attachment A

| Place: | U.S. Attorney's Office<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 | Date and Time: | March 13, 2025, 10:00 AM |
|---|---|---|---|

The deposition will be recorded by this method:  Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/14/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ *Hana Bilicki* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
United States of America _____ , who issues or requests this subpoena, are:

Hana Bilicki; P.O. Box 14198, Washington, DC 20044; hana.bilicki@usdoj.gov; 202-616-2904

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Docusign Envelope ID: 4198195C-AA32-4801-8216-365C4812F5E9

Civil Action No. *Click here to enter case number*

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)*_____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)*  _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A to Rule 30(b)(6) Deposition Notice of Tiger Global Management, LLC**

**List of Topics for Examination**

1. The partnership agreement, as defined in 26 U.S.C. §761(c), for Tiger Global Management, LLC, as in effect for the 2014 tax year.

2. The LLC agreement for Tiger Global Management, LLC, as in effect for the 2014 tax year.

3. Any policies or practices of Tiger Global Management, LLC, pertaining to partnership expenses, as in effect in 2014.

4. Any agreements or policies placing the economic burden of any partnership expenses on partners of Tiger Global Management, LLC, in 2014.

5. Any agreements or policies pertaining to reimbursement of partnership expenses in effect in 2014.

6. Any agreements or policies pertaining to business travel in effect in 2014.

7. Business travel conducted by Scott Shleifer in connection with his position at Tiger Global Management, LLC in November and December 2014.

TGM-000007

Exhibit B

TGM-000008

# TIGER GLOBAL MANAGEMENT, LLC

# TRAVEL & ENTERTAINMENT POLICY HANDBOOK

# May 2013

TGM-000009

# TIGER GLOBAL MANAGEMENT, LLC
# Travel & Entertainment Policy Handbook
# Table of Contents

|  | Page |
|---|---|
| Introductory Statement | 1 |
| I.    General | 2 |
| II.   Corporate Credit Card | 2 |
| III.  Reimbursable Expenses | 2 |
|      A.   Airfare | |
|      B.   Lodging / Hotels | |
|      C.   Ground Transportation | |
|      D.   Meals & Entertainment | |
|      E.   Travel Visas & Passports | |
| IV.  Reimbursement Process | 6 |
| V.   Other | 7 |

## INTRODUCTORY STATEMENT

Tiger Global Management, LLC ("Tiger Global") has prepared this Travel & Entertainment Policy Handbook (the "T&E Handbook") to guide you about the policies applicable to business travel & entertainment.

No handbook can anticipate every circumstance or question about policy. Please use your reasonable judgment and act in the best interest of Tiger Global.

Tiger Global may change these policies from time to time in its sole and absolute discretion and will communicate these changes to you in writing.

**Abuse of Tiger Global's business travel and entertainment expense policies, including falsifying expense reports to reflect costs not incurred by the employee, can be grounds for disciplinary action, up to and including termination of employment.**

TGM-000011

## I. <u>General</u>

Tiger Global will reimburse employees for reasonable business expenses. All reimbursement requests must be supported by original vendor receipts and appropriate documentation as outlined in the section on Reimbursement Process.

It is the employee's responsibility to ensure compliance with Tiger Global's business expense policies. Any uncertainty with respect to a "reasonable business expense" should be addressed with the CFO or the COO.

**Any business-related travel, hotel reservation arrangements or other expenses that are outside the policies in the T&E Handbook must be pre-approved by the COO.**

## II. <u>Corporate Credit Card</u>

Tiger Global provides certain employees with an American Express Corporate Card for business expenses, including airfare, hotels, car service, etc. and for general reimbursable office expenses. The corporate credit card should generally NOT be used for personal expenses. However, if the personal expense is in conjunction with a business expense (e.g. use of a spa at a hotel while on a business trip) the employee may use the corporate card but must reimburse the firm within 3 weeks of month end. Employees are responsible for handing in receipts each time a charge is incurred.

## III. <u>Reimbursable Expenses</u>

<u>A. Airfare</u>

Tiger Global has negotiated arrangements with Pro Travel International Inc. and employees are expected to use this firm when making travel arrangements. Contact details are at the end of the T&E Handbook.

Employees should procure their air tickets as soon as they have definitive travel plans in order to secure the most economical terms. Employees should generally purchase an unrestricted ticket if there is a possibility that travel plans may change. It is the responsibility of the employees to immediately notify the travel agent and/or airline for canceled or changed flights in order to ensure proper credit. Tiger Global only reimburses employees for flights actually taken.

Employees are permitted to fly business class or similar category of airfare. If the flight is a "red eye", or, if the scheduled one way flying time is greater than 5 hours, the employee may use the class of service that offers a "substantially lie-flat" seat. Thus if business class does not offer a lie flat seat the employee may fly first if that is the class of fare that offers such seating. Appropriate supporting documentation must be contemporaneously obtained from the travel agent and provided with your expense report.

TGM-000012

Docusign Envelope ID: 3198 19EC-AA23-4901-9216-965C4812F5E9

Employees who fly in an unauthorized fare class will be responsible for personally paying the fare difference. (i.e., business to first or business to private, as applicable).  Appropriate supporting documentation must be contemporaneously obtained from the travel agent and provided with your expense report.

Personal travel may be combined with business travel provided that all personal costs are reimbursed to Tiger Global within 14 days of completing the trip. Employees must be overly conscientious in identifying such personal expenses and must provide supporting documentation detailing all costs attributable to personal travel, including correspondence from the travel agent where appropriate.  Tiger Global will not reimburse travel expenses incurred by a spouse or other individual accompanying an employee on business unless such person is travelling at the request of Tiger Global.

'Two-for-One' fares are more expensive than the negotiated rates available to Tiger Global via its travel agents.  If 'Two-for-One' fares are used, the employee must reimburse the firm the difference between the ticket fare available to Tiger Global and the Two-for-One fare.

Employees may not downgrade the fare class and apply the savings to buying a ticket for personal purposes.  Apart from being not in compliance with Tiger Global policy, under IRS rules, it will be reported as taxable compensation to the employee.


## B. Lodging/Hotels

Tiger Global will reimburse employees for reasonable hotel expenses for a standard room at a luxury hotel.  The following are examples of expenses that are permissible under reasonable discretion:
- Laundry and dry cleaning
- 1 Movie per night
- Mini bar – please use reasonable judgment
- Telephone usage – reasonable amounts of business and personal calls are permissible. However, employees are encouraged to utilize cell phones and calling cards whenever feasible.
- Internet Access - travelers using their laptops at hotels should be aware that the cost to access and/or be logged on to the internet varies widely. Be aware of your needs and the options, rates and policies at each hotel.

Tiger Global does not reimburse for personal incidentals such as massages or spa treatments.

All-day meetings held on a Friday will permit you to stay an extra night covered by Tiger Global.

TGM-000013

Docusign Envelope ID: 3198J9FC-AA23-4904-9246-965C4812F558

## C. Ground Transportation

Employees will not be reimbursed for travel expenses or mileage associated with normal commuting costs between the employee's home and office during the work week.

### 1. Taxi Cab / Car Service / Public Transportation

Business Trips
Travel between home and the office with luggage, because the employee will be leaving from the office for a business trip or has returned to the office from a business trip will be reimbursed as follows:

- If an employee lives in NYC, the employee may take a taxi service between their home and the office.
- If an employee lives outside NYC, the employee may take car service between their home and the office.

Employees may use a car service to and from airports, when travelling on business trips.

Transportation To meetings
For meetings outside New York City, a car service may be used.

Employees should generally take yellow cabs or public transportation when traveling to meetings within New York City.  Employees should use their reasonable judgment in deciding whether using a car service is more appropriate.

Late Night Work
If an employee is working either at the office or attending a business dinner or meeting beyond 8:00 pm on a normal workday:

- Employees who live in New York City, may take a yellow cab directly home
- Employees who live outside of New York City may take a car service directly home, to a parking lot or may use a personal car.

Weekend / Holiday Work
Employees coming to the office on a weekend or holiday may use a taxi service, car service or personal car, as outlined in the section on Late Night Work, and Tiger Global will reimburse employees for such cost.

### 2. Car Rental

If a car rental is necessary on a business trip, employees should use an intermediate or mid-size model and the car should be refueled prior to returning the car to avoid refueling service charges. Employees should decline optional insurance plans at the time of rental. Coverage is provided under Tiger Global's corporate insurance policies.

TGM-000014

Docusign Envelope ID: 3198195C-AA23-4901-9246-965C4812F559

### 3. Use of a Personal Car

Mileage added to your personal car due to business travel outside of normal commuting will be reimbursed at the standard mileage rate set by the IRS. This allowance covers all auto costs including gas, repairs, oil & depreciation. Parking and tolls are reimbursed separately.

### 4.  Limo / Car Service

Tiger Global has negotiated rates with certain firms in the New York tri state area and employees are expected to use these firms if using a car service.  Car services typically levy hefty "waiting time" fees (usually beyond a 10 minute wait); so please use good judgment when setting pick-up times or keeping a car on wait while at meetings, etc.  When travelling outside the NY tri state area, the travel agent will arrange the limo / car service as necessary.

## D. Meals and Entertainment Expenses

### 1. Meals During Business Trips
Employees will be reimbursed for reasonable meal expenses during business trips.  Please use reasonable judgment and it is generally expected that meal expenses will not exceed an average of $150 per day during business trips.  See below for Business meals.

### 2.  Business Meals
Tiger Global reimburses business meals and reasonable entertainment expenses with non-Tiger Global employees incurred in connection with Tiger Global business.  Please use reasonable judgment.  To comply with IRS regulations, in addition to the receipt you are required to document the names of the persons who were present at the meal, their firm or business affiliation and a brief business purpose.

### 3. Meals in the Office
Meals may be ordered by employees individually through Seamless Web and will be paid for by Tiger Global.
- Weekday Lunch:  There is a lunch budget of $25 per person
- Weekday Dinner:  There is a dinner budget of $35 per person if working past 8:00 pm. The employee may have dinner at an eatery in the immediate area (receipts must be submitted), or may use Seamless Web.
- Weekend / Holiday:  If the employee is working in the office on a weekend or a holiday for a minimum of four hours, the same guidelines as above will apply.

TGM-000015

Docusign Envelope ID: 3198319EC AA22 4901 9216 965C4812F5E9

### E. Travel Visas & Passports

Tiger Global will reimburse employees for visas required for business travel. Please allow ample time to process your visa and receive it back as some travel visas are more difficult to obtain than others.

Tiger Global generally will not reimburse employees for their initial passport or renewal thereof; however, Tiger Global will reimburse the costs of adding pages to a valid passport as well as the cost of a second passport if necessitated for business travel.

### IV. Reimbursement Process

#### A. Corporate Card Expenses

All charges to an employee's American Express Corporate Card are automatically paid for by the firm. Expense reports must be submitted within 3 weeks of month end and should include appropriate documentation.

Documentation – Original itemized receipts for any individual expense of $25 or more must be attached to a copy of your expense report and submitted to Finance & Operations. Employees are required to provide a detailed business purpose for each expense. In addition, for all meals and entertainment expenses, employees must also provide the names of attendees, their firm names and business affiliation.

Personal Expenses on Corporate Card - As previously discussed, employees should generally avoid charging personal expenses on their corporate credit card. However, in certain instances this may be impractical particularly when the expense is incurred in conjunction with a business expense (e.g. use of a spa at a hotel while on a business trip). In such cases, employees should clearly document any personal portion of expenses that have been included on an expense report and reimburse the firm within 14 days.

#### B. Getting Reimbursed for Business Expenses Paid via Personal Card / Check

Employees should follow the guidelines outlined above to ensure reimbursement in a timely manner for eligible business expenses. Business expenses that are charged on a personal credit card or paid for by personal check or cash, should be input into the expense reporting system along with supporting documentation. Such expenses are generally reimbursed within two weeks after submission of the expense report via check or direct deposit. Please contact Finance & Accounting department to check the status of your reimbursement.

TGM-000016

Docusign Envelope ID: 3198 19FC AA23 4901 9216 965C4812F559

V. <u>Other</u>

<u>Travel Arrangements:</u>
Pro Travel International Inc.
Account Manager:  Janice Boyd
Tel:  (212) 409 9565 or (212) 755 4550
General: 1 800 227-1059  Ext. 9565
Fax:  (646) 792-4677


<u>Limo / Car Service in NY Tri-State area:</u>
As authorized by Tiger Global from time to time.

TGM-000017

**DocuSign**

## Certificate Of Completion

Envelope Id: 319819EC-AA22-4901-9216-965C4812F5E9                                      Status: Completed
Subject: Complete with Docusign: G. Seidell Declaration (3_7_25).pdf
Source Envelope:
Document Pages: 17                          Signatures: 1                               Envelope Originator:
Certificate Pages: 5                        Initials: 0                                 Diane Recca
AutoNav: Enabled                                                                        919 3rd Ave.
EnvelopeId Stamping: Enabled                                                            New York, NY  10022
Time Zone: (UTC-05:00) Eastern Time (US & Canada)                                       Diane.Recca@srz.com
                                                                                        IP Address: 38.119.129.17

## Record Tracking

Status: Original                            Holder: Diane Recca                         Location: DocuSign
        3/7/2025 7:09:28 PM                         Diane.Recca@srz.com

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Greg Seidell<br>gseidell@tigerglobal.com<br>General Counsel<br>Tiger Global Management, LLC<br>Security Level: Email, Account Authentication (None) | Signed by:<br>*Greg Seidell*<br>—3C6F9C55DDA744C...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 108.5.183.88<br>Signed using mobile | Sent: 3/7/2025 7:12:02 PM<br>Viewed: 3/7/2025 7:20:35 PM<br>Signed: 3/7/2025 7:21:06 PM |
| **Electronic Record and Signature Disclosure:**<br>    Accepted: 3/7/2025 7:20:35 PM<br>    ID: 364c6f35-a9a8-40f9-aedd-eda5de473763 | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| DS-Mai bpx<br>ds-mailbox@srz.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 3/7/2025 7:12:02 PM |
| **Electronic Record and Signature Disclosure:**<br>    Accepted: 11/11/2023 9:00:17 PM<br>    ID: 1df712dc-1d37-4e0d-89ba-4d07d320c5c3 | | |
| Shannon Wolf<br>Shannon.Wolf@srz.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 3/7/2025 7:12:02 PM<br>Viewed: 3/7/2025 7:21:08 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via Docusign | | |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 3/7/2025 7:12:02 PM |
| Certified Delivered | Security Checked | 3/7/2025 7:20:35 PM |
| Signing Complete | Security Checked | 3/7/2025 7:21:06 PM |
| Completed | Security Checked | 3/7/2025 7:21:06 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

TGM-000019

Electronic Record and Signature Disclosure created on: 3/13/2020 7:26:04 PM
Parties agreed to: Greg Seidell, DS-Mailbpx

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Schulte Roth & Zabel LLP (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

### All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Schulte Roth & Zabel LLP:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: tricia.stephens-adams@srz.com

**To advise Schulte Roth & Zabel LLP of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at tricia.stephens-adams@srz.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Schulte Roth & Zabel LLP**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to tricia.stephens-adams@srz.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Schulte Roth & Zabel LLP**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to tricia.stephens-adams@srz.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..


**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.


**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Schulte Roth & Zabel LLP as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Schulte Roth & Zabel LLP during the course of your relationship with Schulte Roth & Zabel LLP.