# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80713-RLR

SCOTT L. and ELENA SHLEIFER,

    Plaintiffs

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## UNITED STATES RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Request for Admission No. 1: *In connection with the examination, the examining agent contemplated that the deduction for depreciation claimed on Schedule C of the 2014 Form 1040X might be deductible as a supplemental expense to Plaintiffs' partnership investment in Tiger Global Management LLC ("TGM").*

**Response**: The United States objects to Request No. 1 as vague because the term "contemplated" is vague and undefined and there is no time frame for when the examining agent purportedly "contemplated" the deduction. The United States further objects as the information sought is not relevant. Whether the examining agent contemplated that the deduction might be deductible as a supplemental expense is not relevant to whether the Plaintiffs are entitled to the refund sought. Because the Court will determine the Plaintiffs' entitlement to a refund *de novo*, the contemplations of the examining agent are not relevant.

Request for Admission No. 2: *A true and correct copy of the Information Document Request (IDR) issued to Plaintiffs in connection with the examination of their 2014 Form 1040X appears at SHLEIFER000220 – SHLEIFER000223.*

**Response**: The United States objects to Request No. 2 as vague, as more than one IDR was issued to Plaintiffs in connection with the examination of their 2014 Form 1040X. The United States further objects as the authenticity of an IDR sent during the examination of Plaintiffs' 2014 Form 1040X is not relevant as to whether the Plaintiffs are entitled to the refund sought. Because the Court will determine the Plaintiffs' entitlement to a refund *de novo*, an IDR sent during the examination has no bearing on the Plaintiffs' entitlement to a refund. Notwithstanding these objections, the United States admits that the document bates-stamped SHLEIFER000220 – SHLEIFER-000223 is a true and correct copy of an Information Document Request, identified as

1

request number 002, and dated January 11, 2021.

Request for Admission No. 3: *Plaintiffs (or their authorized representative) produced documents responsive to the IDR identified in Request for Admission No. 2.*

**Response**: Admits.

Request for Admission No. 4: *The Internal Revenue Service was not precluded by any statute, regulation, rule, or other legal authority, including the Internal Revenue Manual, from requesting, via IDR, documents that would substantiate the deduction for depreciation as a supplemental expense to Plaintiffs' partnership investment in TGM.*

**Response**: The United States objects to Request No. 4 as it calls for a legal conclusion. The United States further objects based on relevancy. Whether the IRS was precluded from requesting documents is not relevant to this *de novo* proceeding to determine whether Plaintiffs are entitled to a refund based on the depreciation deduction claimed on the Schedule C of their 2014 Form 1040X.

Request for Admission No. 5: *The examining agent did not respond to an offer by Plaintiffs' representatives to resubmit the 2014 Form 1040X with the depreciation deduction claimed on Schedule E.*

**Response**: Denies. The examining agent did not receive an offer by Plaintiffs' representatives to resubmit the 2014 Form 1040X..

Request for Admission No. 6: *In 2014, Scott Shleifer was a partner in the investment firm TGM.*

**Response**: After making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer and TGM or otherwise, the United States will supplement this response. The United States otherwise construes this request as seeking to admit whether Mr. Shleifer was a member of Tiger Global Management, LLC, to which it admits. *See* SHLEIFER-000314.

Request for Admission No. 7: *Scott Shleifer's participation in TGM constitutes a trade or business.*

**Response**: The United States objects to Request No. 7 to the extent it calls for a legal conclusion. Notwithstanding the objection, after making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. If the United States learns information sufficient to answer this request, through the depositions of Mr. Shleifer or otherwise, the United States will supplement this response.

Request for Admission No. 8: *In 2014, Scott Shleifer was the sole owner of SLS Travel LLC ("SLS Travel").*

**Response**: Admits.

Request for Admission No. 9: *SLS Travel LLC is a disregarded entity for federal tax purposes.*

**Response**: Admits.

Request for Admission No. 10: *Plaintiffs', through SLS Travel, purchased the Aircraft on November 3, 2014.*

**Response**: Admits that SLS Travel LLC c/o Visium Partners purchased the Aircraft on November 3, 2014, but after making a reasonable inquiry, the United States lacks knowledge to admit or deny Plaintiffs' involvement in Visium Partners or role in purchasing the aircraft based on the information known and readily obtainable. If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer or otherwise, the United States will supplement this response.

Request for Admission No. 11: *Plaintiffs' total basis in the Aircraft is $19,740,101.*

**Response**: The United States objects to the extent Request No. 11 calls for a legal conclusion. After making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer or otherwise, the United States will supplement this response.

Request for Admission No. 12: *Plaintiffs' business use of the Aircraft amounted to 57.1% of their total use of the Aircraft in 2014.*

**Response**: The United States objects to the extent Request No. 12 calls for a legal conclusion. After making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer or otherwise, the United States will supplement this response.

Request for Admission No. 13: *The Aircraft has a recovery period of five years.*

**Response**: Admits.

Request for Admission No. 14: *The appropriate depreciation convention for the Aircraft is the 200% Declining Balance Method with Mid-Quarter Convention ("200 DB-MQ").*

**Response**:  Admits.

Request for Admission No. 15: *SHLEIFER000064-SHLEIFER000065 contains a true and correct copy of the Form 4562 (Depreciation and Amortization) included in Plaintiffs' 2014 Form 1040X.*

**Response**: Denies. SHLEIFER000062 - SHLEIFER000064 is a true and correct copy of the Forms 4562 (Depreciation and Amortization) included in Plaintiffs' 2014 Form 1040X.

3

Request for Admission No. 16: *The Aircraft that forms the basis for this refund suit is the same asset described in Form 4562 identified in Request for Admission No. 14.*

**Response**: The United States objects to this request as vague and confusing, there is no Form 4562 identified in Request No. 14. The United States construes this request as seeking to admit that the Aircraft is the same as the one that is listed on SHLEIFER000062 – SHLEIFER000063, to which the United States admits.

Request for Admission No. 17: *Line 22 of the 2014 Form 4562 instructs taxpayers to enter their total depreciation "on the appropriate lines of your return."*

**Response**: Denies. Line 22 of the 2014 Form 4562 states "**Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g) and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations—see instructions".

Request for Admission No. 18: *SHLEIFER000027- SHLEIFER000028 contains a true and correct copy of the Schedule C (Profit or Loss From Business) included in Plaintiffs' 2014 Form 1040X.*

**Response**: Admits.

Request for Admission No. 19: *Line 13 of the 2014 Schedule C instructs taxpayers to enter "Depreciation and section 179 expense deduction."*

**Response**: Denies. Line 13 on the Schedule C of the 2014 Form 1040X states "Depreciation and section 179 expense deduction (not included in Part II) (see instructions)".

Request for Admission No. 20: *The number contained on Line 13 of Plaintiffs' 2014 Schedule C is the same number contained on Line 22 of Form 4562.*

**Response**: The United States objects to Request No. 20 as vague. To the extent Plaintiffs are referring to forms contained within Plaintiffs' 2014 Form 1040X on the pages bates-stamped SHLEIFER-000027 and SHLEIFER-000062, the United States admits.

Request for Admission No. 21: *Unreimbursed partnership expenses are reported on an individual partner's Schedule E.*

**Response**: Admits.

Request for Admission No. 22: *With respect to the Aircraft, the amount of depreciation does not change depending on whether it is deducted on Line 13 of Schedule C or as an unreimbursed partnership expense on Schedule E.*

**Response**: Admits.

Request for Admission No. 23: *The amount of the refund claimed in this suit is identical to that claimed on Plaintiffs' 2014 Form 1040X.*

4

**Response**: Admits.

Request for Admission No. 24: *SHLEIFER000001-SHLEIFER000002 contains a true and correct copy of a Netjets Invoice created on December 3, 2014.*

**Response**: Admits, and avers that this is the same invoice produced by NetJets and is otherwise identified as NJ_290 – NJ_291.

Request for Admission No. 25: *SHLEIFER000003-SHLEIFER000004 contains a true and correct copy of a Netjets Invoice created on January 5, 2015.*

**Response**: Admits, and avers that this is the same invoice produced by NetJets and is otherwise identified as NJ_292 – NJ_293.

Request for Admission No. 26: *SHLEIFER000303 contains a true and correct copy of a Netjets Services Report, which was provided to Plaintiffs' agents on June 27, 2016.*

**Response**: After making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. The United States lacks knowledge as to the authenticity of the documents produced by the Plaintiffs referenced in Request No. 26. If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer or otherwise, the United States will supplement this response.

Request for Admission No. 27: *SHLEIFER000305-SHLEIFER000313 contains a true and correct copy of a Netjets AA Report, which was provided to Plaintiffs' agents on June 27, 2016.*

**Response**: After making a reasonable inquiry, the United States lacks knowledge to admit or deny this request based on the information known and readily obtainable. The United States lacks knowledge as to the authenticity of the documents produced by the Plaintiffs referenced in Request No. 27 If the United States learns information sufficient to answer this request, through the deposition of Mr. Shleifer or otherwise, the United States will supplement this response.

Dated: March 10, 2025                                   Respectfully submitted,

                                                        */s/ Hana Bilicki*
                                                        HANA BILICKI
                                                        Trial Attorney
                                                        Special Bar No. A5502961
                                                        AMANDA J. KING
                                                        Trial Attorney
                                                        Special Bar No. A5502559

                                                        **U.S. Department of Justice,**
                                                        **Tax Division**
                                                        P.O. Box 14198

Washington, D.C. 20044  
(202) 616-2904 (v) (Bilicki)  
(202) 518-8048 (v) (King)  
(202) 514–6866 (f)

Hana.Bilicki@usdoj.gov  
Amanda.King@usdjoj.gov

Of Counsel:

Hayden O'Byrne  
Interim United States Attorney  
Southern District of Florida

*Counsel for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, I served the foregoing discovery responses to counsel of record via email.

**Hana Bilicki**  
HANA BILICKI  
Trial Attorney, Tax Division  
U.S. Department of Justice

6