UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80713-RLR

SCOTT L. and ELENA SHLEIFER,

    Plaintiffs

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

    Plaintiffs Scott L. and Elena Shleifer ("Plaintiffs"), by and through undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the United States District Court for the Southern District of Florida (the "Local Rules"), hereby respond and object to Defendant United States' ("Defendant") first set of Interrogatories.

    These responses and objections are based upon information reasonably available and specifically known to Plaintiffs as of the date of service. Plaintiffs reserve the right to supplement, amend, modify, or correct these responses and/or objections after considering information obtained through further investigation. Plaintiffs further reserve the right to use or rely on, at any time, subsequently discovered and produced information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence. No response made herein, or lack thereof, shall be deemed a statement by Plaintiffs as to the existence or non-existence of any information. Plaintiffs' responses herein are not intended to convey agreement with any factual assumptions, definitions, implications or any explicit or implicit characterization

of facts, events, circumstances or issues in the Interrogatories, and are without prejudice to any rights to dispute facts and legal conclusions assumed in the Interrogatories.

## GENERAL OBJECTIONS

Plaintiffs assert the following general objections with respect to each and every Interrogatory:

1. Plaintiffs object to all definitions, instructions and Interrogatories to the extent that they require the disclosure of (i) information subject to the attorney-client privilege; (ii) information subject to the work product doctrine; or (iii) information that is otherwise privileged and/or protected from disclosure. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from discovery is not intended and should not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such material or the subject matter thereof.

2. Plaintiffs object to all definitions, instructions, and Interrogatories to the extent that they impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules.

3. Plaintiffs object to all definitions, instructions, and Interrogatories to the extent that they call for the production or identification of information that is not relevant to the subject matter of the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to all definitions, instructions, and Interrogatories to the extent that they seek disclosure of information that is overly broad, unreasonably cumulative and/or

duplicative and/or is obtainable from other sources that are more convenient, less burdensome, or less expensive.

5. Plaintiffs object to all definitions, instructions, and Interrogatories to the extent that they imply Plaintiffs were required to claim their depreciation deduction on Schedule C.

6. Plaintiffs incorporate by reference every general objection set forth above into each specific objection set forth below. A specific objection may repeat a general objection for emphasis or other reason. The failure to include any general objection in any specific objection does not waive any general objection to that request. Further, Plaintiffs do not waive the right to amend Plaintiffs' objections.

## RESPONSES TO THE INTERROGATORIES

<u>Interrogatory No. 1</u>: *Describe the legal and factual basis for your allegation in paragraph 23 of the Complaint that you have overpaid your tax year 2014 individual income tax liability by $1,898,786.*

<u>Response</u>: At all times relevant to this claim, Scott Shleifer was a partner in the investment firm Tiger Global Management, LLC ("TGM"). In connection with his position at TGM, Mr. Shleifer frequently traveled both internationally and domestically. Mr. Shleifer owns SLS Travel LLC ("SLS Travel"), an entity through which he conducts his business travel.

On November 3, 2014, SLS Travel purchased a fractional share aircraft for $19,687,500. *See* SHLEIFER000226. In connection with the sale, Plaintiffs spent $52,601 on legal work associated with purchasing the plane and registering it with the Federal Aviation Administration ("FAA"). *See* SHLEIFER000207—SHLEIFER000217. The Plaintiffs' total basis in the fractional share aircraft is therefore $19,740,101, representing the purchase price plus the capitalized cost of the legal work.

A taxpayer's depreciable basis in property is calculated by determining the portion of the basis that is allocable to the business use of the asset.[1] Plaintiffs used the fractional share aircraft for business in an amount equal to 57.1% of their total use of the asset in 2014.[2] *See* SHLEIFER000007. The depreciable basis of the aircraft is therefore equal to .571 multiplied by the total basis of the asset ($19,740,101), which is $11,271,598.

Pursuant to 26 U.S.C. § 168(k), Plaintiffs were entitled to deduct half their depreciable basis ($5,635,799) in 2014, because 2014 is the year that the fractional share aircraft was placed in service.[3] Plaintiffs calculated this special depreciation allowance on Line 25 of Form 4562 (Depreciation and Amortization).

Plaintiffs were also entitled to claim an ordinary depreciation deduction, which is calculated by multiplying the depreciable basis of an asset by a set depreciation convention, and then further multiplying the resulting depreciation amount by the portion of the year that the asset was placed in service.

For 5-year property, which is the class of property to which the fractional share aircraft belongs,[4] the applicable depreciation convention is the 200% declining balance ("DB") method. Under the 200% DB method, the class life of the asset is multiplied by .200 to arrive at the depreciation percentage. Here, 5 years multiplied by .200 is .40. The depreciable basis in the aircraft was $11,271,598, but because Plaintiffs elected to deduct

---

[1] *See* Instructions for Form 4562 10 (2014).
[2] Plaintiffs are aware that their log of business travel, SHLEIFER000007, shows a business use percentage of 57.5%. Plaintiffs believe that their return preparer mistakenly used 57.1%, resulting in a marginally lower depreciable basis than they would have otherwise been entitled to claim.
[3] *See also* Instructions for Form 4562 at 5.
[4] *See id.* at 9-10.

50% of the basis pursuant to the special depreciation allowance, the remaining depreciable basis is $5,635,799. Multiplied by the depreciation percentage of .40, the depreciation amount is thus $2,254,320.

For assets purchased within the last three months of the year, the appropriate depreciation timing convention is the mid-quarter convention, which assigns a specific percentage to each quarter of the year depending on when the asset was placed in service. Assets placed in service in the last quarter of the year, as the fractional share aircraft was, are eligible for depreciation in the amount of 12.5% of the total depreciation.[5] Applying this percentage to the depreciation amount of $2,254,320 leads to a final depreciation deduction of $281,790. Plaintiffs calculated this deduction on Line 26 of Form 4562 (Depreciation and Amortization).

Accordingly, Plaintiffs are entitled to an ordinary depreciation deduction, as well as a 50% "special depreciation allowance" pursuant to Section 168(k) in the total amount of $5,917,589 for Tax Year 2014. The effect of these deductions is to reduce Plaintiffs' individual income tax liability by $1,898,786.

<u>Interrogatory No. 2</u>: *Describe the legal and factual basis upon which you contend that you are entitled to the $5,917,589 in depreciation and section 179 expense deduction reported on Line 13 of your Schedule C.*

<u>Response</u>: Plaintiffs object to Interrogatory No. 2 to the extent it implies that Plaintiffs claimed a Section 179 expense deduction, which they did not. On their 2014 Form 1040X, Plaintiffs claimed an ordinary depreciation deduction, as well as a 50% "special depreciation allowance" pursuant to Section 168(k).

Subject to and without waiving the foregoing, Plaintiffs refer to their response to Interrogatory No. 1, which explains why Plaintiffs are entitled to the $5,917,589 deduction. Plaintiffs are not aware of why this deduction was listed specifically on Line 13 of Schedule C, but even if the use of Schedule C was mistaken as a matter of form, Plaintiffs nevertheless meet the substantive requirements for depreciation deductions under the law.

<u>Interrogatory No. 3</u>: *If you answer RFA 5 other than with an unqualified admission, please state the legal and factual basis for your denial or qualified admission.*

<u>Response</u>: Plaintiffs refer to their response to Request for Admission No. 5.

<u>Interrogatory No. 4</u>: *Explain why you claimed deductions for depreciation and operating expenses related to the aircraft on Schedule E in 2015 and subsequent years.*

<u>Response</u>: Plaintiffs object to Interrogatory No. 4 as irrelevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.

---

[5] *See id.* at 11.

Subject to and without waiving the foregoing, Plaintiffs respond to Interrogatory No. 4 as follows:

Plaintiffs do not know why the depreciation deduction on their 2014 Form 1040X was filed on Schedule C rather than on Schedule E. Plaintiffs hired competent accounting professionals to ensure the proper completion and submission of tax forms, and Plaintiffs relied upon that expertise and assistance in the submission of the return in question. Plaintiffs had no role in the completion of any particular form on the tax return, nor do Plaintiffs recall any discussion of how to present the deduction on the amended return. Plaintiffs further understand that during the audit of their 2014 Form 1040X, their representatives offered to re-file the return with the deduction listed on Schedule E rather than Schedule C, and that offer was either rejected or ignored by the IRS Revenue Agent.

Dated: November 1, 2024
Washington, DC

<u>Nicholas Bahnsen</u>

Nicholas Bahnsen, admitted *pro hac vice*
New York Bar Number: 5102827
nbahnsen@kostelanetz.com
Kostelanetz LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
Telephone: (202) 875-8000

Brian C. Wille
Florida Bar ID #89677
bwille@kostelanetz.com
Kostelanetz LLP
7 World Trade Center, 34th Floor
New York, New York 10007
Telephone: (212) 808-8100

Abigail Burke, admitted *pro hac vice*
Maryland Bar Number: 2211280075
aburke@kostelanetz.com
Kostelanetz LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
Telephone: (202) 875-8000

*Attorneys for Plaintiffs Scott L. and Elena Shleifer*

6

## VERIFICATION

I am the Plaintiff in the above-captioned matter. I verify that I have read the foregoing PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, and I believe, based upon reasonable inquiry, that the answers contained therein are true and correct to the best of my information, knowledge, and belief. I do not necessarily have direct personal knowledge of every fact contained herein. These responses were prepared with the assistance of my counsel and are based on information currently available to me. I reserve the right to make changes or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: November 1, 2024
      Palm Beach, Florida

                                                Scott L. Shleifer

<u>**Certificate of Service**</u>

**I hereby certify** that a true and correct copy of the foregoing was served by electronic mail on November 1, 2024 on all counsel or parties of record on the Service List below.

<u>*Nicholas Bahnsen*</u>
Nicholas Bahnsen

**SERVICE LIST**

| | |
|---|---|
| HANA C. BILICKI | SAMUEL G. FULLER |
| Trial Attorney | Trial Attorney |
| U.S. Department of Justice, Tax Division | U.S. Department of Justice, Tax Division |
| P.O. Box 14198 | P.O. Box 14198 |
| Washington, D.C. 20044 | Washington, D.C. 20044 |
| Special Bar No. A5502961 | Special Bar No. A5502779 |
| Ph: (202) 616-2904 | Ph: (202) 616-3173 |
| Hana.Bilicki@usdoj.gov | Samuel.G.Fuller@usdoj.gov |