**DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:24-cv-80713-RLR**

SCOTT L. and ELENA SHLEIFER,

     Plaintiffs,

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

**<u>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

## ARGUMENT

Defendant misidentifies the crux of the Parties' dispute in this case as "whether SLS Travel LLC ("SLS") was an activity engaged in for profit" even though Plaintiffs have agreed, in clear and consistent terms since the very beginning of this matter, that claiming the depreciation deduction on Schedule C as a business expense of SLS Travel was erroneous. Def. Response Brief, ECF No. 46, 1; Pla. Response to RFAs, ECF No. 40-13, No. 2-5. By highlighting a moot issue, Defendant cloaks the real dispute in this case— its misguided attempt to invert the variance doctrine from the shield it was intended to be into a sword to slice through the slightest of errors, even when they are harmless and the Internal Revenue Service ("IRS") was otherwise on notice and fully capable of addressing the error. As a backstop to its variance doctrine argument, Defendant also offers a legally unsupported and ill-advised interpretation of unreimbursed partnership expenses ("UPE") that is undermined by the cases upon which it relies and the examples provided in its brief.

Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment raises no new arguments beyond what is presented in Defendant's Motion for Summary Judgment (and thoroughly refuted in Plaintiffs' opposition thereto). Defendant has not raised a viable legal basis to avoid Plaintiffs' refund claim, nor has it raised a genuine dispute as to a material fact related to such claim. Because Plaintiffs are entitled to judgment as a matter of law, the Court should grant Plaintiffs' motion and enter summary judgment in their favor in the amount of $1,898,786, plus interest accrued according to law.

## I. Plaintiffs are entitled to a UPE deduction under the plain language and sensible policy approach endorsed by the Fifth Circuit in *McLauchlan*.

In opposing Plaintiffs' motion, Defendant maintains the strict (but incorrect) view espoused in its own affirmative motion that a partner may only deduct an expense as a UPE

"where there is a *requirement* for a partner to expend their own funds." Def. Response Brief, ECF No. 46, 6 (emphasis in original). According to Defendant, Plaintiffs are not entitled to deduct depreciation for the NetJets Global 6000 aircraft ("Aircraft"), because "TGM had no requirement that its partners expend their own funds to purchase private jets." *Id.* For all the reasons explained in Plaintiffs' opposition, Pla. Response Brief, ECF No. 47, 4-5, this construction fails to acknowledge the true standard in *McLauchlan*, which noted that an expense need not be "a mandate" but must merely be "identified in some manner as ones the partners had agreed they would incur or by routine practice understood as necessary for partners to incur in the business of the partnership."[1] *McLauchlan v. Comm'r*, 558 Fed. App'x 374, 378 n.3 (5th Cir. 2014).

To prop up its otherwise unsupported rule, Defendant invites the Court to see any other construction as a slippery slope to unlimited abuse. Defendant goes so far as to hypothesize (without any basis) a scenario in which Mr. Shleifer would purchase "multiple private jets and yachts in one year, use each of them for business and personal travel, and claim depreciation deductions for each[.]" Def. Response Brief, ECF No. 46, 6-7. However, the actual standard set out in *McLauchlan* already contains a curb against such abuse, because the expense must be of a type that was contemplated by the partnership. *McLauchlan*, 558 Fed. App'x at 378 n.3. Tiger Global Management LLC  did not contemplate that its partners would conduct TGM business via yachts, but it did contemplate that partners might conduct their frequent worldwide travel via

---

[1] Defendant would fare no better if it refocused its attention on the word "necessary" in *McLauchlan*'s recitation of the rule. In the tax context, the law is clear that "necessary" does not mean that an expense must be strictly required. "Our decisions have consistently construed the term 'necessary' as imposing only the minimal requirement that the expense be 'appropriate and helpful' for 'the development of the (taxpayer's) business.'" *Comm'r v. Tellier*, 383 U.S. 687, 689 (1966). The undisputed facts are clear about the necessity of private air travel to Mr. Shleifer's conduct of Tiger Global Management LLC ("TGM") business.

private aircraft.[2] Shleifer deposition, ECF No. 38-1, at p. 35/line 10 through p. 37 line 23. The record clearly establishes that Mr. Shleifer's use of private air travel benefited TGM by enabling him to travel more and to build business relationships while conducting his frequent long-haul trips. Pla. Response Brief, ECF No. 47, 6-7. In any event, Defendant has not identified any evidence to the contrary. This Court should stick with the reasonable and plainly-stated standard in *McLauchlan,* and, because there is no dispute of material fact, grant Plaintiffs' motion for summary judgment.

## II.      The variance doctrine does not preclude Plaintiffs' claim for refund.

Defendant attempts to buttress its claim for an unwarranted and expansive application of the variance doctrine with the following demonstrably incorrect statement: "The Shleifers never asserted the Schedule E UPE argument as a ground for a refund at the administrative level. And they did not provide the IRS with any facts to evaluate that argument." Def. Response Brief, ECF No. 46, 9. On its face, the IRS record demonstrates that Plaintiffs' accountant, Mr. Ablamsky, informed the IRS revenue agent on at least two occasions that the Aircraft depreciation was an unreimbursed partnership expense that could be deducted on Schedule E. IRS Activity Record, ECF No. 40-15, IRS-0000098 (showing discussions on or about 2/17/2022 and 4/26/2022). Further, Defendant has *agreed* that the amount of the deduction would have been the same if it had been reported on Schedule E, and it has further failed to dispute Mr. Ablamsky's testimony that there would have been no change in the resulting overpayment. RFA,

---

[2] While Defendant suggests that the purchase of a private aircraft is different than merely chartering or leasing a private plane, it offers no legal support for the idea that when a partnership contemplates a mode of transportation, the method of procuring that mode of transportation will determine its deductibility. Other than pointing out that the TGM Travel Policy does not explicitly address aircraft purchases, Defendant does not offer any factual support from the record suggesting that TGM viewed purchasing private aircraft differently than leasing, chartering, or any other means of accessing them at a partner's individual expense.

ECF No. 38-5, ¶ 22; Ablamsky Deposition, ECF No. 48-1, p. 185/lines 6-11. Nevertheless, despite Mr. Ablamsky's request to submit an amended Form 1040X correcting the harmless error, the revenue agent maintained that he would disallow the deduction. Ablamsky Deposition, ECF No. 48-1, p. 205/line 21 through p. 206/line 18.

The United States may not invoke the variance doctrine where, as here, the IRS revenue agent simply declined to develop the issue further at the administrative stage. The variance doctrine exists as a shield "to afford the IRS an opportunity to consider and dispose of a claim without the time and expense of litigation." *Hawco Equities, Inc. v. United States*, 2000 WL 1479076, at *3 (S.D. Fla. Aug. 28, 2000). Here, the IRS had that opportunity and chose not to take it. Plaintiffs' refund claim in this suit does not "impermissibly vary" from its refund claim at the administrative stage. *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992). The underlying facts regarding the depreciation deduction remain the exact same, and while Defendant presses that a Schedule C deduction "involves an exploration of different issues" than a Schedule E deduction, there is, in reality, only one distinct issue – namely, Plaintiffs' satisfaction of the *McLauchlan* standard described above. Def. Response Brief, ECF No. 46, 8. The relevance and necessity of developing that issue had been repeatedly made clear to the IRS revenue agent in the course of his communications with Mr. Ablamsky.

Defendant's attempt to justify the IRS revenue agent's tunnel vision at the examination level as a dutiful focus on his narrowly assigned task does not withstand scrutiny. That position ignores the realities of tax administration, where perfect returns and scalpel precision rarely exist — a fact that the IRS itself recognizes. The Internal Revenue Manual ("IRM") is replete with language that the examination process should be collaborative and designed to arrive at the correct tax liability. *See, e.g.*, IRM 4.10.7.3(1) (01-01-2006) ("Examiners gather facts to

4

correctly determine a taxpayer's tax liability… For this reason, examiners should determine *all* the facts supporting both sides of an issue.); 4.10.7.4(4) (01-01-2006) ("Fairness will be demonstrated by… *refusing to take unfair advantage of mistakes* or ignorance of citizens.") (emphasis added); IRM 4.10.7.5(1) (09-12-2022) ("Communication with the taxpayer or representative on an on-going and continuous basis is a critical part of the examination process."). Having been told multiple times about the mistake and the Schedule E issue at a time when it could have been resolved without resort to litigation, Defendant now attempts to slam the door on Plaintiffs' otherwise valid claim.

In the face of the clear purpose of the variance doctrine, which is to promote fairness and efficiency by putting the IRS on notice of potential issues, Defendant has fallen far short of demonstrating how the mistaken Schedule C issue, of which the IRS was indeed aware, constitutes an impermissible variance from Plaintiffs' position in this refund suit. The IRS examination process is meant to be a collaborative and accuracy-driven exercise, and the variance doctrine was not developed as a sword to undermine that sound policy of tax administration, slicing through taxpayer claims for the slightest of deviations.

## CONCLUSION

Defendant has presented little to no law in support of the harsh rules it asks this Court to adopt. Its position on UPE is contradicted by the very case on which it most relies, and the supposed policy justification for adopting its views is well-met by the actual legal standard that case supplies. Further, there is no dispute of material fact that the TGM partnership contemplated Mr. Shleifer's use of the Aircraft as an appropriate expense for the conduct of TGM business. Accordingly, the depreciation deduction is a valid UPE deducted on Plaintiffs' individual income tax return. Defendant's variance doctrine argument is similarly legally unsupported and

contradicts the purpose for which the doctrine was developed. The Court should decline Defendant's invitation to significantly expand the reach of the doctrine and instead maintain the Eleventh Circuit's standard that only *impermissible* variances are disallowed.

Defendants are otherwise explicitly clear: "There is no dispute of material fact about the Shleifers' adherence to the procedural requirements under 26 U.S.C. § 7422 for filing suit, their calculation of the claimed depreciation deduction, or that Mr. Shleifer took five flights, totaling 31.1 hours, on his Global Private Jet in 2014 in furtherance of the partnership business of TGM." Def. Response Brief, ECF No. 46, 2. Defendant also raises no dispute that the resulting deduction for depreciation results in an overpayment of $1,898,786, effectively conceding that, but for its UPE and variance doctrine arguments, Plaintiffs are entitled to the refund sought. Because Defendant's version of the law should not be credited on either issue, and Defendant has not presented any contrary facts, Plaintiffs' motion for summary judgment should be granted in the amount of $1,898,786, plus interest accrued according to law.

Dated: May 5, 2025
New York, New York

*__Brian C. Wille_____*

Brian C. Wille
Florida Bar ID #89677
bwille@kostelanetz.com
Kevin M. Flynn, admitted *pro hac vice*
New York Bar Number: 2363760
kflynn@kostelanetz.com
Kostelanetz LLP
7 World Trade Center, 34th Floor
250 Greenwich St., New York, NY 10007
Telephone: (212) 808-8100

Nicholas Bahnsen, admitted *pro hac vice*
New York Bar Number: 5102827
nbahnsen@kostelanetz.com
Abigail Burke, admitted *pro hac vice*
Maryland Bar Number: 2211280075
aburke@kostelanetz.com
Kostelanetz LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
Telephone: (202) 875-8000

*Attorneys for Plaintiffs Scott L. and Elena Shleifer*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF filing on May 5, 2025 on all counsel or parties of record on the Service List below.

*__Brian C. Wille____*
Brian C. Wille

## SERVICE LIST

HANA C. BILICKI
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 14198
Washington, D.C. 20044
Special Bar No. A5502961
Ph: (202) 616-2904
Hana.Bilicki@usdoj.gov

AMANDA KING
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 14198
Washington, D.C. 20044
Special Bar No. A5502559
Ph: (202) 514-8048
Amanda.King@usdoj.gov